1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**SOUTHERN DIVISION**

11

| | |
|---|---|
| RD FRANCHISE SYSTEMS LLC, a Nevada limited liability company; and RHG IP LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br> v. <br><br> RUBY'S MV, INC., a California corporation; OC DINER INC., a California corporation; GEORGE ALEXANDER, an individual; and J. BRADY GRECO, an individual, <br><br> Defendants. | Case No.:  8:23-cv-2188-DOC (JDEx) <br><br> **STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

22      Plaintiffs RD Franchise Systems, LLC and RHG IP, LLC (together the

23  "Plaintiffs") commenced this action by filing the Complaint against Defendants

24  Ruby's MV, Inc., OC Diner, Inc., and George Alexander (together the

25  "Defendants").[1] All remaining parties have appeared and now agree to settlement of

26  the action by stipulation and without further adjudication of any issue of fact or law.

27

28

---

[1] Plaintiffs were unable to serve Defendant J. Brady Greco who has been voluntarily dismissed from this case.

THEREFORE, on the joint stipulation of the Plaintiffs and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

### FINDINGS OF FACT

1.     This action was commenced on November 21, 2023, by the filing of Plaintiffs' Verified Complaint for Injunctive and Other Relief (hereinafter, the "Complaint").

2.     In the Complaint, Plaintiffs seek injunctive relief and money damages against the Defendants: (a) for infringement of Plaintiffs' federally registered RUBY'S® trademarks under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1); (b) for acts of unfair competition and false designation of origin based on Defendants' infringement of Plaintiff's trade dress under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) for violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 based on Defendants' unauthorized use of Plaintiffs' trade secrets; and (d) for substantial and related state law claims based upon the foregoing acts, for breach of contract, unfair competition, common law trademark infringement, and unjust enrichment under the statutory and common laws of the State of California.

3.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338, and has general personal jurisdiction over the Defendants, each of whom resides in or has continuous and systematic contacts with the State of California.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

5.     Plaintiffs are the owners of valid and subsisting United States Trademark Registration Nos. 2387100; 2583186; 2739832; 7177673; 5412055; 4817402; 4817382; 4573346; 3875086; and 4703996 on the Principal Register of the United States Patent and Trademark Office (hereinafter, the "Ruby's® Marks"), for use in connection with, among other goods and services, restaurant services,

and which have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

6.     Plaintiffs and their predecessors-in-interest have used the Ruby's® Marks in commerce continuously since 1983 in connection with the operation of Ruby's® brand sit-down, diner style, restaurants.

7.     As a result of their widespread, continuous, and exclusive use of the Ruby's® Marks to identify their restaurant services and Plaintiffs as their source, Plaintiffs own valid and subsisting federal statutory and common law rights to the Ruby's® Marks.

8.     The Ruby's® Marks are distinctive to both the consuming public and within Plaintiffs' trade.

9.     As a result of Plaintiffs' expenditure of money and effort, the Ruby's® Marks have come to signify the high quality of the restaurant services designated by the Ruby's® Marks, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

10.     Without Plaintiffs' authorization, and upon information and belief, beginning after Plaintiffs acquired protectable exclusive rights in the Ruby's® Marks, Defendants adopted and began using marks and trade dress identical or substantially similar to Plaintiffs' Ruby's® Marks as well as confidential, proprietary, and trade secret elements of Plaintiff's system of operations (the "System") in commerce in connection with the operation of a sit-down, diner style restaurant.

11.     The Defendants' acts have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' restaurant services and have deceived and are likely to continue to deceive the relevant consuming public into believing, falsely, that Defendants' restaurant services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiffs.

12.     The Defendants' forgoing conduct constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, and violations of substantial and related state law claims for breach of contract, unfair competition, common law trademark infringement, and unjust enrichment under the statutory and common laws of the State of California.  The Court hereby enters judgment against Defendants on these claims.

13.     As a direct and proximate result of the Defendants' infringing and other unlawful conduct, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages and a permanent injunction pursuant to 15 U.S.C. §§ 1116-1117.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

# ORDER

14.    Defendants, together with all of Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendants, are hereby permanently enjoined and restrained from directly or indirectly:

a.    Using any confidential, proprietary, or trade secret element of the Ruby's® "System" as that term is defined in the parties' franchise agreement in connection with the operation of any restaurant, diner, or bar;

b.    Providing, offering for sale, selling, marketing, advertising, promoting, or authorizing any third party to provide, offer for sale, sell, market, advertise, or promote restaurant services in connection with the Ruby's® Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Ruby's® Marks;

c.    Engaging in any other activity that infringes Plaintiffs' rights in their Ruby's® Marks;

d.    Engaging in any activity that infringes Plaintiffs' rights in their Ruby's® trade dress, including, by:

i.    Using Plaintiffs' trade dress, including, without limitation, Plaintiffs' exterior color scheme, paint colors, and special lighting colors;

ii.    Using Plaintiffs' Ruby's® branded design elements including, without limitation, vintage vehicles, motorcycles, gasoline pumps, faux building treatments, "round ends" of exterior windows, branded eyebrows (*i.e.*, flattening the eyebrows), branded doors or entrances, or other Ruby's® branded design elements;

iii.    Using any signage containing the Ruby's® Marks and/or any confusingly similar variations thereof;

iv.    Using interior paint colors that resemble those used by Plaintiffs and those used by Defendants before the Franchise Agreement was

terminated;

          v.        Using booths, chairs, and other fabric colors and textures that resemble those used by Plaintiffs and those used by Defendants before the Franchise Agreement was terminated;

          vi.       Using dining counter stool bases and stool tops that resemble those used by Plaintiffs and those used by Defendants before the Franchise Agreement was terminated;

          vii.     Using colors for laminated plastics or similar finishes on counters and cabinets that resemble those used by Plaintiffs and those used by Defendants before the Franchise Agreement was terminated;

          viii.    Using aluminum trim on counters and cabinets that resemble those used by Plaintiffs and those used by Defendants before the Franchise Agreement was terminated;

          ix.       Using stainless-steel pass thru windows that resemble those used by Plaintiffs and those used by Defendants before the Franchise Agreement was terminated;

          x.        Using Ruby's® interior branded icons including, but not limited to, vehicles, motorcycles, gasoline pumps, trains, or similar icons, glass blocks and/or stainless-steel surrounds, Ruby's® themed or branded booth dividers, Ruby's® branded or themed artwork and/or style of framing, and/or stainless-steel or similar arches at doorways that resemble those used by Plaintiffs and those used by Defendants before the Franchise Agreement was terminated; and

          xi.       Using restroom decor that resembles that used by Plaintiffs and those used by Defendants before the Franchise Agreement was terminated.

e.    Engaging in any activity constituting unfair competition with Plaintiffs;

f.      Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that: (i) Defendants' restaurant services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiffs or (ii) Plaintiffs' restaurant services offered under the Ruby's® Marks are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

g.      Using or authorizing any third party to use, in connection with any business, goods, or services, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiffs or tend to do so;

h.      Registering or applying to register any trademark, service mark, trade dress, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Ruby's® Marks or any other mark that infringes or is likely to be confused with the Ruby's® Marks, or any goods or services of Plaintiffs, or Plaintiffs as their source;

i.      Using the Ruby's® Marks or any other mark that infringes or is likely to be confused with the Ruby's® Marks in social media, including, without limitation, on Facebook, X (formerly known as Twitter), Instagram, or Yelp!;

j.      Operating the website located at https://www.theocdiner.com; and

k.      Using any telephone number previously used during the Term of the Franchise Agreement.

l.      Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 14(a) through paragraph 14(k).

m.      In the event that Defendants' compliance with any term of this Order requires the prior permission of the landlord of the OC Diner restaurant located at 258 Shops at Mission Viejo, Mission Viejo, California 92961, and the landlord

refuses to provide such permission, Defendants shall provide Plaintiffs written proof of their good faith attempt to seek permission from the landlord for such change(s) and proof of the landlord's refusal to grant permission.

15.    By no later than **April 30, 2024**, Defendants shall pay to Plaintiffs damages in the amount of THIRTY THOUSAND UNITED STATES DOLLARS AND NO CENTS ($30,000).

16.    If the Defendants fail to perform all of the duties and obligations set forth in Paragraphs 14 and 15 above by April 30, 2024, then the Defendants shall be pay RDFS ongoing liquidated damages in the amount of FIVE THOUSAND UNITED STATES DOLLARS ($5,000 USD) for each month after April 2024, in which they fail to do so.    Such amount(s) shall not constitute a penalty, but rather, a reasonable estimation of the damages RDFS will incur if the Defendants fail to perform all of the duties and obligations they are required to perform the duties and obligations set forth in Paragraphs 14 and 15 above by April 30, 2024.

17.    Defendants shall file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of this Stipulated Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

18.    This Stipulated Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

19.    If Defendants are found by the Court to be in contempt of, or otherwise to have violated this Stipulated Judgment and Permanent Injunction, the parties agree that Plaintiffs shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

20.    The parties have represented to the Court that, with the assistance of

their counsel, they have read the provisions of this Stipulated Judgment and Permanent Injunction and are prepared to abide by them.

21.    The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

22.    The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

23.    Each side is to pay their own legal fees and costs incurred in this action.

24.    Defendants, and each of them, hereby waive any and all right to an appeal from this Consent Judgment and Permanent Injunction.

25.    This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiffs' claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

**IT IS SO ORDERED.**

Date: _____          _____

April 12, 2024

Hon. David O. Carter
United States District Court Judge